# Enterprise Transit Company, Appellant, *v*. Collins.

*Land law—Surveys—Absence of monuments—Courses and distances—Location.*

Where a survey has its north corner and west corner marked upon the ground, and the northwesterly line between them is fixed, the southeasterly line will be located by running the official courses and distances from the fixed monuments, if there are no monuments on the line made or adopted to stop it short of its official distance, notwithstanding the fact that the protraction of other lines of the same block of which the warrant is a member would stop it short of said distance.

A surveyed warrant, although a member of a block, that has upon the ground its northern and western corners is well located by running the official courses and distances from said corners without reference to the marks on other members of the block not made or adopted specially for it.

Argued Oct. 8, 1908. Appeal, No. 73, Oct. T., 1908, by plaintiff, from judgment of C. P. Forest Co., Sept. T., 1907, No. 1, on verdict for defendants in case of Enterprise Transit Co. v. T. D. Collins et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trepass to recover damages for an alleged wrongful cutting of timber on eighty-one acres of land in Kingsley township.

The case turned upon the location of the southeastern line of warrant No. 5,270, the plaintiffs claiming the land in dispute under warrant No. 5,132 which was three days junior to No. 5,270. It was undisputed that the northern and western corners of No. 5,270 were well-marked trees and that the northwestern line was fixed by these monuments.

The return of survey called for a line from the northern corner south forty-five degrees east, 320 rods to a spruce. At the time of the trial the spruce had disappeared, and no living person could tell the place of its location.

Warrant No. 5,270 was alleged by the plaintiffs to be one of a body of 100 warrants issued to George Mead and was returned as having four marked corners on the ground.

The plaintiffs claimed to fix the location of the missing spruce by protracting other lines of adjacent warrants of the same block, and in so doing fixed the width of said warrant at 283.9 instead of 320 rods, the strip of 36.1 rods wide being the land in controversy.

The defendants contended that the place of the spruce and the southeastern line of said warrant should be fixed by running the official courses and distances from the monuments found on the north and west, as long as no other marks were found to stop it short.   The court, LINDSEY, P. J., charged as follows:

This is an action of trespass brought by The Enterprise Transit Company, plaintiff, against T. D. Collins and others, defendant, to recover the value of timber alleged to have been cut and taken away from the plaintiff's lands which are described in the statement of claim.

The answers to the points presented by counsel for the parties will determine whether or not the plaintiff has a right to recover, and we will now answer those points.

Second. The principal question of location for the jury to determine in this case is the dividing line upon the ground between the plaintiff's warrant No. 5,132 and the defendants' warrant No. 5,270, and that is to be determined by ascertaining the true location upon the ground of the southeastern line of warrant No. 5,270.

Affirmed.

Third. The returns of survey of the several George Mead warrants Nos. 5,266, 5,267, 5,268, 5,269, and 5,270 each calls for the warrant lying northeast of it respectively; that is to say, the return of survey of 5,266 calls for 5,265 as its adjoiner upon the northeast; 5,267 calls for 5,266, 5,268 calls for 5,267, 5,269 calls for 5,268, and 5,270 calls for 5,269 as its adjoiner upon its northeast boundary, so that each of said warrants respectively is the leading warrant for the tract lying immediately as its adjoiner to the southwest.   And in locating the southeastern line of said tier of Mead warrants, we must follow the footsteps of the surveyor in ascertaining the said line, and the monuments he marked or called for therein, as the landmarks of the several tracts mentioned of which it forms the southeastern boundary.

Refused.

Fourth. Warrant No. 5,267 is to be located from its undisputed monuments given in evidence in this case, to-wit: The spruce for its northern corner, the spruce for its eastern corner, the white oak for its southern corner, and the white oak for its western corner.

Refused.

Fifth. Warrant No. 5,268 is to be located from its undisputed eastern, northern and western monuments given in evidence in this case, to-wit: The white oak for its eastern corner, the white oak for its northern corner, and the service berry for its western corner, and the location of its southern corner is to be determined by the intersection of the undisputed lines upon the ground leading southwest from the white oak eastern corner, and southeast from the service berry western corner their official courses, in Salmon Creek at the reputed location of the black oak called for in the return of survey of said warrant No. 5,268.

Refused.

Sixth. Warrant No. 5,269, in the absence of other evidence of the place of the location of the spruce called for in its return of survey for its southern corner, is to be located by ascertaining upon the ground its northwest line between the location of the spruce western corner and its service berry northern corner, and the location upon the ground of its eastern line between the location upon the ground of said service berry northern corner and the place fixed by the jury as the location of the black oak southern corner of No. 5,268, and the southern corner of No. 5,269 will be ascertained by protracting the southeastern line of No. 5,268 southwest parallel with the northwest line of 5,269, its official course, until it intersects a line running from the spruce western corner southeast parallel with its northeastern line, its official course, and the point of intersection of said lines will be the southern corner of said warrant No. 5,269.

Refused.

Seventh. Warrant No. 5,270 will be located in the same manner by ascertaining upon the ground the northwest line between its black oak western corner now standing, and the loca-

tion of its spruce northern corner, and the location upon the ground of its northeast line between the location of its spruce north corner and the point ascertained for the location of the southern corner of 5,269, and the southern corner of said warrant No. 5,270 will be ascertained by protracting the southeastern line of No. 5,269 southwest parallel with the northwest line of 5,270, its official course, until it intersects a line running from said black oak western corner southeast parallel with its northeastern line, its official course, and the point of intersection of said lines will be the southern corner of the defendants' warrant No. 5,270.

We are unable to take the view in relation to this case, that the counsel for the plaintiff has taken in these points last read, being the third, fourth, fifth, sixth, and seventh, and we therefore answer them in the negative.

Defendants' points:

1. Under the law and the evidence the plaintiff is not entitled to recover and the verdict must be for the defendants. Affirmed.

2. Inasmuch as the north corner and the west corner of the defendants' survey is undisputed and there are no monuments on the southeasterly side made or adopted for that line to stop it short of its official distance, that southeasterly line is to be located by the official courses and distances and by such location the plaintiff cannot recover and the verdict must be for the defendants. Affirmed.

3. The location of 5,270 cannot be limited or controlled by the black oak of 5,268 and 5,269 at Salmon creek nearly two miles distant and the verdict must be for the defendants. Affirmed.

The Court: Under the answers to the points, gentlemen, there can be no recovery in the case. We thus take the responsibility of deciding the case and there is nothing for you to do but to render your verdict for the defendants.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* amongst others, was in giving binding instructions for defendant.

*D. I. Ball*, with him *A. C. Brown*, for appellant.

*Thomas H. Murray*, with him *Ritchie & Carringer* and *A. L. Cole*, for appellees.

PER CURIAM, November 2, 1908:

The judgment is affirmed on the charge and answers to the points by the learned judge below.